# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| EDWARD CHALMERS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 2:16-cv-02036-JPM-tmp |
| | ) |
| EVELYN MCDUFFIE d/b/a | ) |
| INTERSTATE BAIL BONDS, | ) |
| JERRY GLYN HOLLAND, II, | ) |
| ANDREW A. BAYER, | ) |
| | ) |
|     Defendants. | ) |

**ORDER GRANTING DEFENDANT EVELYN MCDUFFIE'S MOTION TO DISMISS PLAINTIFF'S CLAIM FOR ATTORNEY'S FEES**

On May 18, 2016, Defendant Evelyn McDuffie d/b/a Interstate Bail Bonds ("McDuffie) filed a motion to dismiss Plaintiff's claim for attorney's fees. (ECF No. 34.) Plaintiff did not respond to the instant motion.

"Tennessee, like most jurisdictions, adheres to the 'American rule' for award of attorney fees." Cracker Barrel Old Country Store, Inc. v. Epperson, 284 S.W.3d 303, 308 (Tenn. 2009) (footnote and citation omitted). "Under the American rule, a party in a civil action may recover attorney fees only if: (1) a contractual or statutory provision creates a right to recover attorney fees; or (2) some other recognized exception to the American rule applies, allowing for recovery of such fees in

a particular case." Id. The American rule, however, simply prevents a prevailing litigant from "collect[ing] a reasonable attorneys' fee from the loser." Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975).

The American rule does not apply to consequential damages flowing from a separate harm. Under Tennessee law, "[o]ne who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover reasonable compensation for loss of time, attorney fees and other expenditures thereby suffered or incurred in the earlier action." Engstrom v. Mayfield, 195 F. App'x 444, 451 (6th Cir. 2006) (emphasis omitted) (quoting Pullman Standard, Inc. v. Abex Corp., 693 S.W.2d 336, 340 (Tenn. 1985)).

In the Amended Complaint, Plaintiff seeks, inter alia, "attorneys' fees and costs due to the torts of the individual Defendants and for having to file suit against Interstate Bail Bonds." (Am. Compl. ¶ 27, ECF No. 25.) Although Plaintiff generally sought attorney's fees in his original Complaint, and continues to generally seek attorney's fees in the Amended Complaint, the above sentence was added in the Amended Complaint. (See Compl. at 6-7, ECF No. 1-1; Am. Compl. at 7.) Defendant McDuffie argues that "[t]he Pullman exception does not allow any plaintiff who has suffered a tort to bring a separate

claim for attorney's fees. . . . A plaintiff bringing an independent tort for attorney's fees must have been dragged into litigation with a third party." (ECF No. 34-1 at 4.) According to McDuffie, this exception applies only where an individual is forced to defend himself against suit or where an individual is required to bring a suit against a third party in order to protect his rights, but does not apply in cases where an individual brings an action against joint tortfeasors. (Id. at 4-7.)

In the instant case, Plaintiff appears to seek attorney's fees only from Defendants Holland and Bayer for pursuing the action against McDuffie. (See Am. Compl. ¶ 27.) The Amended Complaint states a plausible claim that the actions of Defendants Holland and Bayer required him to bring suit against Defendant McDuffie to act in protection of his interests.

Although Plaintiff explicitly requests attorney's fees from Holland and Bayer "for having to file suit against Interstate Bail Bonds," (Am. Compl. ¶ 27), Plaintiff includes no such language indicating an intent to seek attorney's fees from Defendant McDuffie under the Pullman exception or otherwise. To the extent that Plaintiff does seek attorney's fees from McDuffie, Defendant McDuffie's motion to dismiss Plaintiff's claim for attorney's fees is GRANTED. Plaintiff does not state a plausible claim that McDuffie's actions required him to bring

suit against Holland and Bayer to protect his interests; rather, as alleged by Plaintiff, Holland and Bayer's own actions gave rise to the instant lawsuit.

IT IS SO ORDERED this 15th day of June, 2016.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE